**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| NANCY GRUBBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:15-CV-2059-M |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Target Corporation's Motion for Summary Judgment [Docket Entry #12]. For the reasons stated, the Court **DENIES** the Motion for Summary Judgment.

**I.       BACKGROUND**

This is a premises liability case arising out of injuries Plaintiff Nancy Grubbs allegedly sustained when she slipped and fell on a piece of plastic at a Target store in Rowlett, Texas. Grubbs testified that after she fell, she noticed a 4" by 4" piece of molded plastic ("like packaging") on the floor by her foot. Grubbs' Depo., Pl.'s App. [Docket Entry #18] at 5. She also said that it was not difficult to see. *Id.* at 6. A Target employee testified that after Grubbs fell, the employee picked up a piece of plastic from the floor and likely threw it away. Diaz Depo., Pl.'s App. [Docket Entry #18] at 18.

The Plaintiff's fall was recorded by video surveillance equipment at the store. [Docket Entry #22]. The video also shows the twenty minute period before the injury, during which time dozens of customers and at least nine store employees walked in close proximity to the spot of Grubbs' fall. The video does not show anyone dropping a piece of plastic.

Target's Motion for Summary Judgment has been fully briefed, and is ripe for

determination.

## II.      LEGAL STANDARD

Summary judgment is warranted when the movant shows that there is no genuine dispute of material fact as reflected in the pleadings, affidavits, and other summary judgment evidence, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012).  The moving party bears the initial burden of demonstrating the absence of evidence supporting the nonmovant's claims.  *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the moving party satisfies its initial burden, the burden shifts to the nonmovant to prove that summary judgment is not appropriate.  *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 411 (N.D. Tex. 2009) (Lynn, J.) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)).

The nonmovant must go beyond the pleadings and identify specific facts that prove the existence of a genuine issue of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In determining whether a genuine issue of material fact exists, all factual disputes will be interpreted in the light most favorable to the nonmovant, provided that both parties have introduced evidence showing that a dispute exists.  *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998).  A district court properly grants summary judgment if, when viewing all facts in the light most favorable to the nonmovant, it determines that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

Under Texas law, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the

property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d

762, 767 (Tex. 2010). However, the owner is not an insurer of a patron's safety. *Wal-Mart v.*

*Reece,* 81 S.W.3d 812, 814 (Tex. 2002). To prevail on her premises liability claim, Plaintiff

must show: (1) a condition of the premises created an unreasonable risk of harm; (2) the owner,

Target, knew or reasonably should have known of the condition; (3) Target failed to exercise

ordinary care to protect Plaintiff from danger; and (4) Target's failure was a proximate cause of

injury to Plaintiff. *See Del Lago Partners*, 307 S.W.3d at 776 (citing *State Dep't of Highways &*

*Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *see also Corbin v. Safeway Stores,*

*Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). To prevail on element two—the notice element—"[a]

slip-and-fall plaintiff . . . [must establish] [either] that (1) the defendant placed the substance on

the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more

likely than not that the condition existed long enough to give the premises owner a reasonable

opportunity to discover it." *Reece*, 81 S.W.3d at 814. It is not enough for a plaintiff to merely

show that the defendant's employee came in close proximity to a hazard, but rather, a plaintiff

must point to evidence that the owner had a reasonable opportunity to discover a dangerous

condition. *Id.* at 816.

## III.    Analysis

Target moves for summary judgment on one ground—that Grubbs puts forth no evidence

that Target had actual or constructive notice of a condition posing an unreasonable risk of harm.

Def.'s MSJ Brief [Docket Entry #13] at 1. Thus, it contends that no genuine dispute of fact

exists as to the second element of Grubbs' claim. *Id.*

Grubbs argues the surveillance footage is sufficient to create a fact issue on the notice

element. Pl.'s MSJ Resp. Brief [Docket Entry #17] at 9.

The surveillance footage, along with Grubbs' deposition describing the piece of plastic, create a fact question on the issue of notice.  In analyzing constructive notice, Texas courts consider "the combination of proximity, conspicuity, and longevity."  *Young v. Wal-Mart Stores Texas, LLC*, 05-14-00362-CV, 2015 WL 1062744, at *2 (Tex. App.—Dallas Mar. 10, 2015, no pet.) (quoting *Wal–Mart Stores, Inc. v. Spates,* 186 S.W.3d 566, 567 (Tex. 2006)).  The Texas Supreme Court explains the required analysis by providing hypotheticals:

> [I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.

*Reece*, 81 S.W.3d at 816.

Grubbs testified that she fell on a 4" by 4" piece of molded plastic.  Grubbs' Depo., [Docket Entry #18] at 5.  The video shows the twenty minute period before Grubbs fell, but it does not show anyone dropping the plastic. [Docket Entry #22].  Grubbs has thus presented circumstantial evidence that the plastic was on the floor for at least twenty minutes.  Therefore, she can point to evidence of longevity.  Furthermore, the video shows at least nine employees moving in close proximity to the location where she fell, for a twenty minute period beforehand. *Id.*  Grubbs put forward evidence that the plastic was easily observable.  Grubbs' Depo., [Docket Entry #18] at 6 (Q. Was the plastic pretty easily observable by you when you saw it? A. After I fell, it was, yes . . . ).  Of course, the jury could also conclude from the video, because of the number of people who passed by, that the plastic was not easily observable.

Putting these facts together, the Court concludes that a jury could find that Target reasonably should have discovered the piece of plastic on the floor.  Because a fact question on

notice exists, the Court **DENIES** Target's Motion.

If Grubbs plans to make an argument that she is entitled to an adverse inference because of alleged spoliation of the plastic piece, she must submit briefing explaining that argument and the inference sought, by July 20, 2016.  Any responsive brief is due by July 27, 2016.

**SO ORDERED.**

July 14, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE