IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANCY GRUBBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:15-CV-2059-M |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Target Corporation's Objection and Motion to Strike Plaintiff's Expert [Docket Entry #14]. For the reasons stated, the Court **DENIES** the motion.

### I.   BACKGROUND

This is a premises liability case arising out of injuries Plaintiff Nancy Grubbs allegedly sustained when she slipped and fell on a piece of molded plastic at a Target store in Rowlett, Texas. Grubbs retained expert Jason T. English. Def.'s App. [Docket Entry #14-1]. Grubbs's Rule 26(a)(2) disclosures state that English is an expert in the field of fall prevention and premises safety. *Id.* at 2. He plans to testify that:

1. Target knew or should have known of its responsibility to exercise reasonable care to establish, monitor, and maintain its commercial retail premises free of hazards, but Target failed in this responsibility;

2. Target knew or should have known that it is necessary to establish and implement a proper safety program, but Target failed to do so;

3. Target knew or should have known of the national consensus standard of good practice by the American National Standards Institute relative to implementing a proper housekeeping program;

1

4. Target failed to comply with good reasonable practice;

5. Target failed to meet the standard of care necessary to provide a reasonably safe premises to prevent fall-type incidents; and,

6. Pedestrians frequently fail to see hazards in front of them as they walk, for the reasons English describes.

Def.'s App. [Docket Entry #14-1] at 6-10.

## II.   LEGAL STANDARD

The trial court acts as a "gatekeeper" to exclude expert testimony that does not meet relevancy and reliability requirements. In this role, the trial court determines the admissibility of expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny. The witness must be qualified "as an expert by knowledge, skill, experience, training, or education," and the witness's reasoning or methodology underlying the opinion must be scientifically reliable and relevant to assists the trier of fact to understand the evidence or to determine a fact at issue. Fed. R. Evid. 702; *Daubert,* 509 U.S. at 591-93.

## III.   ANALYSIS

Target moves to strike English's testimony for one reason—Target contends that it is not relevant to the elements of Grubbs's cause of action, and therefore, that it will not assist the trier of fact. Pl.'s Mot. to Strike [Docket Entry #15] at 4-5.

To prevail on her premises liability claim, it is Grubbs's burden to show: (1) a condition of the premises creating an unreasonable risk of harm; (2) the owner, Target, knew or reasonably should have known of the condition; (3) Target failed to exercise ordinary care to protect Grubbs from danger; and (4) Target's failure was a proximate cause of Grubbs's injury. *See Del Lago*

*Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

Target focuses its motion primarily on the second element—notice. Target contends that English's planned testimony that surface hazards are not often seen by reasonably prudent people, that Target should have known about standards of practice to prevent safety hazards, and what such practices include, is not relevant to the question of whether Target knew, or should have known, of the existence of a condition creating an unreasonable risk of harm. Pl.'s Mot. to Strike [Docket Entry #15] at 4-5. Target also insists that English's opinions "do not assist the trier of fact in determining whether a condition existed on the premises which posed an unreasonable risk of harm," if Target exercised ordinary care when it failed to warn Grubbs of the danger, and proximate causation. Reply [Docket Entry #24] at 3.

The Court agrees that none of English's proposed testimony is relevant to the second element of a premises liability claim—notice—which requires establishing that (1) Target actually created the condition, (2) Target actually knew that the condition existed, or (3) that it is more likely than not that the condition existed long enough to give Target a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 814 (Tex. 2002). But the Court disagrees that English's proposed testimony is irrelevant to the other elements of a premises liability claim—whether the existence of a condition of the premises created an unreasonable risk of harm, whether Target failed to use reasonable care to reduce or eliminate risk, and whether proximate cause existed. For example, English's proposed testimony that pedestrians do not usually see surface hazards can be relevant to whether the piece of plastic on the floor posed an unreasonable risk of harm or whether it proximately caused Grubbs' injury.

Furthermore, his proposed testimony about national safety standards is relevant to whether Target failed to exercise ordinary care.

For the above reasons, the Court **DENIES** Target's Motion to Strike English's testimony, but English will not be able to testify about what Target actually knew. He does not have expertise that would qualify him to do that.

Target also requests that the Court grant it leave to identify and disclose an opposing expert witness to testify on these issues if the Court does not strike English. Mot. to Strike [Docket Entry #15] at 6. The deadline for Target to designate experts passed on January 21, 2016. Scheduling Order [Docket Entry #8] at 2-3. Target filed its motion to strike, which included its alternative request for leave to designate its own expert, on March 21, 2016. [Docket Entry #14].

A party who fails to disclose information required by Rule 26(a) "is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Target's only argument that it was substantially justified in choosing not to identify an expert prior to the designation deadline is that it believed "designation of an expert to counter the proffered opinions of Mr. English would be a meaningless, and inefficient, exercise." Mot. to Strike [Docket Entry #15] at 6.

The Court concludes that Target was not substantially justified in making the decision not to have its own expert. The Court **DENIES** Target's request to extend the expert designation deadline.

## CONCLUSION

The Court thus **DENIES** Target's Motion to Strike.

4

**SO ORDERED.**

August 3, 2016.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**