IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANCY GRUBBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:15-CV-2059-M |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Nancy Grubbs's Motion for Sanctions for Spoliation of Evidence [Docket Entry #27]. The Motion is **DENIED**.

### I. BACKGROUND

This is a premises liability case arising out of injuries Plaintiff allegedly sustained when she slipped and fell on a piece of molded plastic at a Target store in Rowlett, Texas. The piece of plastic has not been produced, and Target employee Anna Diaz admitted in her deposition that she picked up a piece of plastic after Grubbs fell, and probably threw it away [Docket Entry #28 at APP. 18]. Grubbs maintains that such action constitutes spoliation of evidence by Target, warranting an instruction that, if the jury finds that Target destroyed the evidence in bad faith, the jury may draw the adverse inference "that the material [came] from the packaging of Target stock" [Docket Entry #27 at 2].

### II. LEGAL STANDARD

A party commits spoliation of evidence where: (1) it has control over the evidence and a duty to preserve it; (2) but destroys the evidence with a culpable state of mind; and (3) the destroyed evidence was relevant to the other party's claim, such that its destruction causes prejudice. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex.

1

2010) (Rosenthal, J.).  The duty to preserve arises when a party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation. *Id.*  Culpability can range from "destruction intended to make evidence unavailable in litigation to inadvertent loss of information." *Id.* at 613.  The "relevance" and "prejudice" factors of the analysis are often broken down into three subparts: "(1) whether the evidence is relevant to the lawsuit; (2) whether the evidence would have supported the inference sought; and (3) whether the non-destroying party has suffered prejudice from the destruction of the evidence." *Id.* at 616.  Prejudice can range from "an inability to prove claims or defenses to little or no impact on the presentation of proof." *Id.* at 613.

If a party commits spoliation, a court may sanction that party.  Determining whether sanctions are warranted and, if so, what they should be, requires a court to consider both the spoliating party's culpability and the level of prejudice to the opposing party.  *Id.*  One of the "most severe sanctions a court can administer" is an adverse inference spoliation jury instruction. *Id.*  Such an instruction tells the jury that it may draw an adverse inference that "a party who intentionally destroys importance evidence in bad faith did so because [the evidence was] unfavorable to that party." *Whitt v. Stephens Cnty.*, 529 F.3d 278, 284 (5th Cir. 2008) (quoting *Russell v. Univ. of Tex.*, 234 Fed. Appx. 195, 207 (5th Cir. 2007); *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 799 (N.D. Tex. 2011) (Boyle, J.); *see also Rimkus*, 688 F. Supp. 2d at 614.  Before giving a spoliation instruction, the Court must find there is sufficient evidence for a reasonable jury to conclude that all the elements of spoliation are met.  *See Rimkus*, 688 F. Supp. 2d at 644.

## III.   ANALYSIS

Target argues the Court should not give an instruction because the missing evidence is not relevant to any element of Plaintiff's premises liability claim. This is incorrect. *See id.* at 617. As Grubbs rightly notes, whether the plastic came from Target stock is relevant to the second element of a premises liability claim—notice—which requires establishing that (1) Target actually created the condition, (2) Target actually knew that the condition existed, or (3) that it is more likely than not that the condition existed long enough to give Target a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 814 (Tex. 2002). If the plastic came from packaging of the type that would typically be opened by a Target employee when restocking items, the jury could infer that Target actually created the condition.

However, Target also claims there is insufficient evidence of bad faith here. "A severe sanction such as . . . an adverse inference instruction requires bad faith." *Rimkus*, 688 F. Supp. 2d at 642; *id.* at 614; *Ashton*, 772 F. Supp. 2d at 799–801. A party acts with "bad faith" by acting with fraudulent intent and a desire to suppress the truth, or by destroying evidence for the purpose of depriving its adversary of the evidence. *See Ashton*, 772 F. Supp. 2d at 800–02. The party seeking the inference bears the burden of proof and must show its adversary acted in bad faith. *Rimkus*, 688 F. Supp. 2d at 615.

Grubbs urges this Court to infer bad faith from video footage showing Target employee Diaz picking up a piece of plastic and then speaking with another individual, along with Diaz's testimony that she probably threw the plastic away. As a matter of law, this is insufficient evidence to support a jury finding of bad faith. *Compare with id.* at 644. Evidence indicating that an employee, who was being videotaped at the time, picked up evidence, discussed it with

3

another employee, and threw it away, without more, is not enough to show fraudulent intent, a desire to suppress the truth, or intent to deprive another of evidence.

## IV.  CONCLUSION

Because the evidence Grubbs presents does not support an inference of bad faith, an adverse inference instruction is not proper and the Motion is therefore **DENIED**.

**SO ORDERED.**

August 12, 2016.

_____
**BARBARA M. G. LYNN
CHIEF JUDGE**